UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBBRA LYNN ROBERTS,

                                                  Plaintiff,

                                                                             DECISION AND ORDER

                                                                             05-CV-6567L

                                                  v.

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
_____

## INTRODUCTION

      Plaintiff Debbra Lynn Roberts ("plaintiff") brought this action, *pro se*, pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to review the final decision of the Commissioner of Social Security that she is not disabled under the Social Security Act ("the Act"), and, therefore, is not entitled to Social Security Disability Insurance benefits ("DIB"), under Title II, or Supplemental Security Income benefits ("SSI"), under Title XVI.

      The Commissioner has moved to remand for payment of SSI benefits only and for judgment affirming her final decision that plaintiff was not entitled to DIB benefits. (Dkt. #7). Specifically, the Commissioner has agreed to grant plaintiff SSI benefits based on her October 22, 1982 application.

Plaintiff filed a one-page letter in opposition to the Commissioner's motion objecting, without explanation, to a remand. (Dkt. #8). I see no reason why this case should not be remanded, in part, under the terms set forth in the Commissioner's motion.

## PROCEDURAL HISTORY

Plaintiff first applied for DIB and SSI benefits on October 22, 1982, alleging disability since May 8, 1982. This application was denied. (T. 26-35, 140).[1] On October 18, 1990, plaintiff again filed for DIB and SSI benefits.[2] (T. 18, 43, 57). Plaintiff's application for SSI was granted on June 19, 1991, based on a mental impairment, with an effective onset date of October 1, 1990. (T. 19, 56, 72, 74, 84). It appears plaintiff has been receiving SSI benefits since then.

Pursuant to the class action settlements in *Stieberger v. Sullivan*, 801 F.Supp. 1079 (S.D.N.Y. 1992) and *Dixon v. Shalala*, 54 F.3d 1019 (2d Cir.1995), plaintiff requested that the Commissioner review the decision denying her 1982 application for DIB and SSI benefits. (T. 60, 68).

On March 16, 2001, the Commissioner issued a reconsideration determination finding that the denial of her 1982 application was proper. (T. 76-80, 92-95). Plaintiff appealed, and a hearing was held before Administrative Law Judge ("ALJ") Nancy Lee Gregg, at which a vocational expert appeared and testified. (T. 642-83). On November 7, 2003, ALJ Gregg found that plaintiff was not eligible for DIB benefits because she lacked sufficient quarters of coverage to be insured. ALJ Gregg also concluded that plaintiff was not disabled during the relevant period because the medical evidence failed to establish that she had a severe medically determinable impairment that lasted for

---

[1] "T. __" refers to the page of the administrative transcript filed by the Commissioner.

[2] This appears to be plaintiff's third application for benefits. Her second application, which was filed on November 1, 1989, was denied on February 14, 1990.

a continuous period of twelve or more months. (T. 15-25). Plaintiff, therefore, was not entitled to SSI benefits. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 12, 2005. (T. 8-10). This action followed.

## DISCUSSION

The Commissioner concedes that plaintiff was disabled within the meaning of the Act as the result of a "severe affective disorder," with an onset date of May 8, 1982. (Dkt. #7, p.2, n.2). The Commissioner's motion to remand for calculation and payment of SSI benefits, therefore, is granted.

The Commissioner, however, also moves to affirm that part of her decision that determined that plaintiff was not entitled to DIB benefits. That motion is granted.

Under the Act, DIB benefits may not be paid unless a claimant was disabled prior to the time she last met the insured status requirements of 42 U.S.C. § 423(c). *See Califano v. Sanders*, 430 U.S. 99, 101 (1977); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir.1989). Here, the record shows that plaintiff was not insured as of her alleged onset date of May 8, 1982. At that time, she had only six quarters of coverage during the relevant nineteen-quarter period. (T. 136). This is insufficient because plaintiff needed coverage in at least half of the nineteen quarters, or ten quarters, to be insured. *See* 20 C.F.R. § 404.130(a), (c).

Pursuant to the *Stieberger* settlement, however, a claimant may be entitled to a presumption of insured status. In cases such as plaintiff's though, where the *Stieberger* file was fully developed back to plaintiff's alleged onset date, no presumption applies. Instead, actual insured status is used to determine eligibility for DIB benefits. *See Stieberger*, 801 F.Supp. at 1092 ("A person claiming Title II benefits shall be considered insured, unless a determination is made after appropriate development that the claimant was not disabled as of the date last insured."); HALLEX I-5-4-13,

§§ III & VIII.F, 1997 WL 33487728 (S.S.A. Feb. 21, 1997) ("in those cases where an actual onset date is established, the presumption of insured status will not apply, *i.e.*, the actual onset date must be prior to the [date last insured]").

Plaintiff was last insured for DIB benefits in June 1980, when she had six quarters of coverage in the twelve-quarter period from July 1, 1977 to June 1980. (T. 136). Plaintiff alleged, however, that she became disabled in May 1982. Because plaintiff was not insured as of her alleged onset date for her claim under *Stieberger*, she is not entitled to the presumption of insured status.

The Commissioner's decision denying plaintiff DIB benefits, therefore, is proper and is affirmed.

## CONCLUSION

The Commissioner's motion (Dkt. #7) is granted.

That part of the Commissioner's decision that determined that plaintiff is not entitled to SSI benefits is reversed and remanded for the calculation and payment of SSI benefits.

That part of the Commissioner's decision that determined that plaintiff is not entitled to DIB benefits is affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 23, 2006.